# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

ARNOLD ANDERSON,

    Plaintiff,

v.

CHRISTIAN PASTUNA, ET AL.,

    Defendants.

Case No. 2:19-cv-02098-RFB-DJA

**ORDER**

This matter is before the Court on Defendants' Motion for Screening of Inmate Complaint (ECF No. 4), filed on December 4, 2019. No response was filed. Defendants seek Court screening of the pro se Prisoner Arnold Anderson's Complaint pursuant to 28 U.S.C. § 1915A(a) and the Prison Litigation Reform Act. They removed to this action on December 6, 2019 and attached Plaintiff's Complaint (ECF No. 1-1). The Court finds it appropriate to screen this matter pursuant to Section 1915A.

**I.    ANALYSIS**

    **A. Screening Standard for Pro Se Prisoner Claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law

(2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Complaint**

Plaintiff sues five Las Vegas Metropolitan Police Department Officers in their individual and official capacity for violation of his Fourth, Fifth, and Fourteenth Amendment rights. He alleges that such rights were violated when Defendant Officers falsified documents to indicate he was a suspect, he was arrested without probable cause, and eventually exonerated in justice court when his case was dismissed.

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To the extent that Plaintiff is seeking to state a claim under § 1983, a plaintiff "must allege the

violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*

In the instant Complaint, Plaintiff generically claims his Fourteenth Amendment due process rights were violated based on racial profiling, but does not provide any specific factual allegations. Plaintiff also claims his Fourth Amendment rights were violated due to his unlawful arrest, which he believes is due to the fact that his justice case was later dismissed. Although he raises the Fifth Amendment, he fails to include specific factual allegations for the Court to identify what claim he is seeking to bring under the Fifth Amendment. Further, Plaintiff alleges that he has not filed any other case, but then mentions a justice court case that was dismissed. Finally, he indicates that he is seeking to bring claims against the individual officers in their official and individual capacity, but has not met the standard for establishing that their official capacity is proper. Even liberally construing the complaint, the Court cannot evaluate whether Plaintiff's Complaint states a cognizable claim for which he may be entitled to relief, absent additional factual allegations regarding the underlying case. The Court will therefore dismiss Plaintiff's Complaint without prejudice for the Plaintiff to file an amended complaint.

If Plaintiff chooses to file an amended complaint, then Plaintiff must file the amended complaint on the court's approved prisoner civil rights form and it must be entitled "First Amended Complaint." Plaintiff is advised all defendants must be identified in the caption of the pleading and that all defendants must be named in the section of the prisoner civil rights form designated for that purpose. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims Plaintiff is alleging against each defendant.

Furthermore, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, if Plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged

specifically.  The Court cannot refer to a prior pleading or other documents to make plaintiff's amended complaint complete.  The amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

**II.    CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion for Screening of Inmate Complaint (ECF No. 4) is **granted**.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have until April 16, 2020 to file an amended complaint correcting the noted deficiencies.  **Failure to comply with this Order may result in the Court recommending that this action be dismissed.**

DATED: March 26, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE