# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARNOLD ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEVADA et al.,<br><br>    Defendants. | Case No. 2:19-cv-02098-RFB-DJA<br><br>**ORDER** |

### I.  Introduction

Before the Court is Plaintiff's Motion to Amend. ECF No. 21.

### II.  Procedural History

Plaintiff filed his original Complaint on December 6, 2019. ECF No. 1. The Court entered a Screening Order on March 26, 2020. ECF No. 17. The Court dismissed Plaintiff's Complaint for failure to state a claim and gave him until April 16, 2020 to file an amended complaint. Id. On May 29, 2020 the Court ordered Plaintiff's Complaint and case dismissed without prejudice when he did not file his amended complaint. ECF No. 19. Judgment for Defendants was entered on this same date. ECF No. 20. Plaintiff then filed a Notice of Appeal of the Court's dismissal. ECF No. 22. Plaintiff also subsequently filed a Motion to Amend on June 11, 2020. The Defendants filed a response to the motion on June 24, 2020. ECF No. 25. Plaintiff's appeal was dismissed for lack of prosecution on February 10, 2021. ECF No. 37.

///

///

### III. Factual Background

This case arises out of an investigation into two separate shootings that took place on July 27, 2016 and August 23, 2016. In response to the shootings, Detectives Pastuna, Auschwitz, Bryant, and Valenzuela ("Defendants" or "Defendant Detectives") investigated and concluded that Plaintiff Arnold Anderson ("Plaintiff") was the prime suspect in the two shootings. On or around September 5, 2016, based upon the officers' investigation, they arrested Plaintiff for his alleged involvement in the shootings. Two separate criminal complaints were filed against Plaintiff. These complaints were later dismissed. Plaintiff alleges that his arrest and detention were unlawful and unconstitutional.

### IV. Discussion

The Court denies the Motion to Amend as amendment would be futile in this case due to the statute of limitations and failure to state a claim.

Importantly, as judgment had already been entered in this case at the time of the filing of the Motion to Amend, the Court interprets the Motion as a motion to for relief from judgment under either Rule 59(e) or 60(b). Fed. R. Civ. P. 60(b) permits relief from final judgments, order, or proceedings. Such relief, if based upon a motion filed within one year of the challenged judgment, may be justified by any "reason that justifies relief." Reconsideration under Rule 59(e) is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court finds that even if the Court were to accept Plaintiff's proffered reason for failing to respond to this Court's order for amendment, his proffered amendment would be futile. First, in his proposed amended complaint, he again fails to specify with sufficient detail the basis for his claims against Defendants. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Second, Plaintiff fails to address in his Reply the statute of limitations arguments raised by Defendants in their Response to the Motion. ECF Nos. 25, 28, 30.[1] The Court agrees with Defendants that the applicable statute of

---
[1] Plaintiff actually filed two Replies to the Response. ECF Nos. 28, 30.

limitations for his claims appears to be two years. See <u>Maldonado v. Harris</u>, 370 F.3d 945, 954-55 (9th Cir. 2004) (statute of limitations for personal injury claims applies to claims brought under Section 1983); Ruiz v. Nev. Dep't of Corr., 2020 U.S. Dist. LEXIS 199632 at *4 (D. Nev. Oct. 26, 2020). The alleged injuries or violations which serve as the basis for his claims occurred more than three years before the filing of his initial Complaint in this case. His claims based on these events would therefore be time-barred.

As the Plaintiff cannot assert a cognizable claim on the record before the Court, the Court finds that he cannot establish a basis for relief from judgement in this case under Rule 59(e) or 60(b).

V.   **Conclusion**

For the reasons stated,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend (ECF No. 21) is DENIED. All other motions are DENIED as moot as the Court finds its' order on the Motion to Amend to be dispositive of all outstanding issues in this closed case.

**DATED**: <u>March 31, 2021</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**